IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Munoz,<br><br>          Plaintiff,<br><br>v.<br><br>13 Custom Cabinets LLC, et al.,<br><br>          Defendants. | No. CV-24-00307-TUC-JR<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's Motion for Default Judgment ("Motion"). (Doc. 13.) Lacking jurisdiction to enter a final judgment because of incomplete status of election by the parties, this Court prepares a Report and Recommendation to United States Senior Judge Raner C. Collins.[1][2] As more fully set forth below, this Court recommends that the

---

[1] General Order 21-25 provides, in relevant part, "[w]hen a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge, the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee." Gen. Ord. 21-25. Although this Court is not recommending dismissal—but is recommending entry of a final judgment—this Court lacks the jurisdiction to enter a final judgment due to incomplete status of election. *See* 28 U.S.C. § 636. Accordingly, this Court prepares this Report and Recommendation pursuant to the directive in General Order 21-25.

[2] As of this date of this Report and Recommendation the Chief United States District Judge for the District of Arizona is Jennifer G. Zipps. However, General Order 21-25 has not been superseded.

district court grant the Motion.

## I. BACKGROUND

On June 20, 2024, Plaintiff filed his Verified Complaint against Defendants 13 Custom Cabinets, LLC, Frank Amavizca and Maria Amavizca. (Doc. 1.) In Count One, Plaintiff seeks unpaid overtime wages and an equal amount in liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a). (Doc. 1 at ¶¶ 68-75.) In Count Two, Plaintiff seeks unpaid minimum wages and an equal amount in liquidated damages under the FLSA, 29 U.S.C. § 216. (Doc. 1 at ¶¶ 76-80.) In Count Three, Plaintiff seeks unpaid minimum wages and an amount equal to twice the underpaid wages under the Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. § 23-363 (minimum wage), § 23-364(G) (enforcement). (Doc. 1 at ¶¶ 81-85.) In Count Four, Plaintiff seeks unpaid wages due and a trebling of this amount under the Arizona Wage Act ("AWA"), Ariz. Rev. Stat. § 23-350, § 23-355 (authorizing treble damages). (Doc. 1 at ¶¶ 86-92.)

All Defendants were served on July 13, 2024. (Doc. 8-10.) Defendants failed to answer or otherwise appear. On Plaintiff's application, the Clerk of the Court entered default against all Defendants on August 19, 2024. (Doc. 12.) Plaintiff now moves for entry of default judgment against all Defendants. (Doc. 13.)

## II. LEGAL STANDARD

District courts have discretion to enter a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "If default judgment is sought against a party that failed to plead or otherwise defend, courts must determine they have subject matter jurisdiction over the matter and

personal jurisdiction over the party." *Verduzco v. Value Dental Centers Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2021 WL 4222005, at *1 (D. Ariz. Sept. 16, 2021) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)).

After finding that it has jurisdiction, the district court "is not required to make detailed findings of fact," but should consider and weigh relevant factors. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Relevant factors that may be considered are: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). *See also Gemmel v. Systemhouse, Inc.*, No. CV-04-187-TUC-CKJ, 2008 WL 65604, at *3 (D. Ariz. Jan. 3, 2008) (once default has been entered the district court takes as true all well-pled factual allegations in the complaint except for those related to the amount of damages).

### III. ANALYSIS

#### a. Jurisdiction

Plaintiff's Motion does not address the jurisdictional requirement. Nonetheless, this Court finds that the district court has subject matter and personal jurisdiction. The district court has federal question jurisdiction over Plaintiff's claims in Count One (failure to pay

- 3 -

overtime) and Two (failure to pay minimum wage) because they arise under the FLSA. (Doc. 1 at ¶¶ 68-80.); *see* 28 U.S.C. § 1331 (providing that federal courts have original jurisdiction to hear claims arising under federal law). Also, because the district court has federal question jurisdiction over Plaintiff's claims alleged in Counts One and Two, the district court has supplemental jurisdiction over Plaintiff's Arizona wage claims alleged in Counts Three and Four. *See* 28 U.S.C. § 1367(a) (authorizing supplemental jurisdiction over state law claims that are "part of the same case or controversy[.]")

This Court is satisfied that the district court also has personal jurisdiction over the Defendants because Plaintiff's claims arise from Defendants' alleged failure to comply with federal and state wage laws during their business activities in Pima County, Arizona. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015). The record establishes that all Defendants were served with a Summons and the Verified Complaint in accordance with the applicable rules of civil procedure. (Docs. 8-10.)

This Court finds that the district court has subject matter and personal jurisdiction.

### b. The *Eitel* Factors

As mentioned above, in determining whether to enter a default judgment the district court considers the factors enumerated by the United States Court of Appeals for the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). This Court considers the *Eitel* factors below *in seriatim*.

#### i. Possible Prejudice to Plaintiff

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if a default judgment is not entered. *Id.* at 1471. Defendants have not answered the Verified Complaint,

- 4 -

nor have they otherwise appeared in this action. Thus, Plaintiff has no alternative means by which to resolve his claims against Defendants. Without a default judgment, Plaintiff's damages would remain unrelieved. As such, this Court finds that the first *Eitel* factor weighs in favor of entering a default judgment.

          ii. <u>The Merits of Plaintiff's Claims and the Sufficiency of the Verified Complaint</u>

The second *Eitel* factor considers the merits of the plaintiff's substantive claim. *Eitel*, 782 F.2d at 1471. The third *Eitel* factor considers the sufficiency of the complaint. *Id*. The second and third *Eitel* factors "are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). These two factors require that the plaintiff's allegations "state a claim on which [he] may recover." *Id.* (quoting *Danning v. Lavine*, 52 F.2d 1386, 1388 (9th Cir. 1978)).

The Verified Complaint alleges claims of failure to pay wages and overtime wages under the FLSA, AMWA, and the AWA. This Court examines the sufficiency of Plaintiff's claims alleged in his Verified Complaint below.

          *1. FLSA Claims (Counts One and Two)*

"The FLSA requires employers to pay their employees a minimum wage for any time spent working during the workweek as well as additional compensation for any time spent in excess of a forty-hour workweek." *Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *3 (D. Ariz. Feb. 29, 2024) (citing 29 U.S.C. §§ 206(a), 207(a)). Under the FLSA, an "employee" is defined as "any individual employed by an employer" and "employer" is defined as "any person acting directly or indirectly in

- 5 -

the interest of an employer in relation to an employee." *Avila*, 2024 WL 863710, at *3 (citing 29 U.S.C. § 203(d), (e)(1)).

The District Court for the District of Arizona has recognized that "[a]n employee can gain protection under the FLSA through (1) enterprise coverage if her employer has an annual gross volume of sales or business done that is greater than $500,000; or (2) individual coverage if the employee is 'engaged in commerce or in the production of goods for commerce.'" *Avila*, 2024 WL 863710, at *3 (quoting 29 U.S.C. §§ 203(s)(1)(A); and citing *Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997)). "An individual can be subject to liability under the FLSA as an employer if they 'exercise[] control over the nature and structure of the employment relationship, or economic control over the relationship.'" *Avila,* 2024 WL 863710, at *3 (quoting *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)).

Here, Plaintiff alleges that Defendant 13 Custom Cabinets, LLC is "an enterprise engaged in commerce that had annual gross sales of at least $500,000" in 2022, 2023 and 2024. (Doc. 1 at ¶¶ 27-29.) Plaintiff also alleges that Defendants Frank Amavizca and Maria Amavizca "had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants." *Id.* at ¶¶ 16, 42. This Court finds that Plaintiff sufficiently alleges that he was an employee and that all Defendants are employers under the FLSA.

"To bring an FLSA claim for unpaid minimum wages, a plaintiff must 'allege facts showing that there was a given week in which he was entitled to but denied minimum

- 6 -

wages[.]'" *Avila*, 2024 WL 863710, at *4 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)). "To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek in which she worked in excess of forty hours and w[as] not paid overtime wages." *Avila*, 2024 WL 863710, at *4 (citing *Landers*, 771 F.3d at 646.) Plaintiff alleges in his Verified Complaint that during his employment with Defendants he worked "approximately between 48 and 55 hours per workweek." (Doc. 1 at ¶ 44.)  He alleges that he worked 15 hours of overtime in his penultimate workweek for which he was not paid. *Id*. at ¶¶ 45, 47. He also alleges that in his final week of employment he worked 10 hours for which he was not paid. *Id*. at ¶¶ 46-47. Taking Plaintiff's allegations as true, this Court finds that Plaintiff alleges plausible FLSA claims for unpaid wages and unpaid overtime.

## 2. *AMWA (Count Three)*

The AMWA defines an "employee" as "any person who is or was employed by an employer." Ariz. Rev. Stat. § 23-362(A). "[E]mployer" is defined, in pertinent part, as "any . . . limited liability company . . . [or] individual . . . acting directly or indirectly in the interest of an employer in relation to an employee." Ariz. Rev. Stat. § 23-362(B). *See also Avila*, 2024 WL 863710, at *4.

Plaintiff alleges that Defendant 13 Custom Cabinets, LLC is a limited liability corporation, and that Defendants Frank and Maria Amavizca are husband and wife and "are owners [of]" Defendant 13 Custom Cabinets, LLC. (Doc. 1 at ¶¶ 12- 13, 15.) Plaintiff sufficiently alleges that all Defendants are liable under the AMWA as employers. Plaintiff alleges Defendants failed to compensate him for all the hours he worked the last two weeks

- 7 -

of his employment. *Id*. at ¶ 82-84.

This Court finds that Plaintiff alleges a plausible claim for unpaid minimum wages under the AMWA.

### 3. AWA Claim (Count Four)

Section 23-351(C), Ariz. Rev. Stat., requires, in pertinent part, that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" Ariz. Rev. Stat. § 23-351(C). "Employee" is defined as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." Ariz. Rev. Stat. § 23-350(2). The AWA limits the term "employer" to include "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." Ariz. Rev. Stat. § 23-350(3). The district courts in Arizona have recognized that the AWA "does not ... authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Avila*, 2024 WL 863710, at *4 (quoting *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021)).

Plaintiff has alleged that he was employed by Defendant 13 Custom Cabinets, LLC for purposes of the AWA, and that this Defendant failed to pay him for the hours that he worked the last two weeks of his employment. (Doc. 1 at ¶¶ 87-91). As Plaintiff recognizes, considering Ariz. Rev. Stat. § 23-350(3)'s narrow definition of employer, Defendants Frank

- 8 -

and Maria Amavizca cannot be held individually liable on Plaintiff's claim in Count Four. This Court finds that Plaintiff alleges a plausible claim for unpaid wages under the AWA against Defendant 13 Custom Cabinets, LLC only.

### iii. The Sum of Money at Stake

Under the fourth *Eitel* factor the district court considers the amount of money at stake[3] in relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel*, 2008 WL 65604, at *4. Plaintiff seeks unpaid wages and overtime wages. (Doc. 13 at p. 7.) He seeks liquidated damages under the FLSA and the AMWA. *Id.* at pp. 9-10. He also seeks treble damages under the AWA. *Id.* at pp. 10. Plaintiff claims he is entitled to a total award in the amount of $8,000.00. *Id*.

This Court finds that the sum of money sought is reasonable and proportional to the seriousness of Defendants' conduct. Thus, this Court finds that this factor weighs in favor of entry of default judgment.

### iv. The Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor considers the possibility of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471-72. Defendants have failed to answer the Verified Complaint and the time has passed for Defendants to dispute the well-pleaded allegations of the Verified Complaint. Accordingly, the well-pleaded allegations are treated as true. *Verduzco*, 2021 WL 4222005, at *2. This Court finds that the possibility of a dispute concerning any

---

[3] A thorough examination of Plaintiff's claimed damages is set forth at Section III(c), *infra*.

materials facts is low. *See STORE Master Funding II LLC*, 2021 WL 3290531, at *4 (holding that "[h]ere, there is very little possibility of dispute concerning the material facts. Defendant has not made any effort to challenge Plaintiff's Complaint or otherwise appear in this case, despite being served with process in this action.").

This Court finds that the fifth *Eitel* factor weighs in favor of entering default judgment.

### v. Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default is due to excusable neglect. *Eitel*, 782 F.2d at 1472. Defendants were served with the Verified Complaint. This Court finds that there is no evidence that Defendants failed to appear because of excusable neglect.

This Court finds that the sixth *Eitel* favors the entry of default judgment.

### vi. The Policy Favoring Decisions on the Merits

The seventh *Eitel* factor requires the district court to consider the policy that cases should be decided on the merits when possible. *Id*. This factor necessarily weighs against entering a default judgment in every case in which a default judgment is sought. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. 1996)).

Here, the Court finds that deciding this case on the merits is impossible due to Defendants' failure to defend. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Moreover, [d]efendant's failure to answer [p]laintiffs' [c]omplaint makes a decision on the merits

impractical, if not impossible."). The policy of favoring a decision on the merits cannot be met in this case, and Rule 55(a) permits termination of a case before the merits are reached when a defendant fails to defend. *See* Fed. R. Civ. P. 55(a). Accordingly, this Court finds that while the seventh *Eitel* factor weighs against the entry of default judgment, this factor does not preclude the entry of default judgment.

This Court finds that all but the seventh the *Eitel* factor favors entry of default judgment. As the majority of the *Eitel* factors favor entry of default judgment, this Court recommends that a default judgment be entered.

### c. Damages

"In contrast to the other allegations in the [c]omplaint, allegations pertaining to damages are not taken as true." *STORE Master Funding II LLC,* 2021 WL 3290531, at *3 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). "As a result, 'Plaintiff is required to prove all damages sought in the complaint.'" *STORE Master Funding II LLC*, 2021 WL 3290531, at *3 (quoting *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). "Damages may be proven through either an evidentiary hearing, or through affidavits and other documents as exhibits that provide a factual basis for determining the amount of a default judgment award." *Vaile v. Nat'l Credit Works, Inc.*, No. CV-11-674-PHX-LOA, 2012 WL 176314, at *2 (D. Ariz. Jan. 23, 2012). "The Court may enter a default judgment without a damages hearing when ... 'the amount claimed is a liquidated sum or capable of mathematical calculation.' " *Capitol Specialty Ins. Corp. v. Chaldean LLC*, 2022 WL 2953062, at *5 (D. Ariz. July 25, 2022) (quoting *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013)); *Davis v.*

*Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Through a declaration submitted in support of his motion, Plaintiff establishes that Defendants own and operate a carpentry and custom cabinetry company. (Doc. 13-1 at ¶ 5.) Plaintiff worked for Defendants as a cabinet installer from approximately October 2023 through approximately February 2024 (about 21 workweeks) *Id*. at ¶¶ 3-4, 6. Plaintiff's regular rate of pay was $20.00 per hour. *Id*. at ¶ 7. He estimates that he worked approximately 50 hours per week for approximately 19 of his 21-workweek employment. *Id*. at ¶ 8. He avers that he was "never paid overtime for time he worked in excess of 40 hours in a given workweek." *Id*. at ¶ 10. In his penultimate workweek, Plaintiff estimates he worked slightly more hours—approximately 55 hours. *Id*. at ¶¶ 11, 14. In his final workweek, he estimates that he worked approximately 10 hours. *Id*. at ¶ 11. Plaintiff avers that "[h]e was not paid any wage whatsoever for the final two workweeks of his employment." *Id*. at ¶¶ 9.

i.  Unpaid Wages and Unpaid Overtime

This Court finds that Plaintiff has sufficiently established his unpaid wage and unpaid overtime damage as follows:

*Unpaid Minimum Wages for Two Workweeks*: Plaintiff worked approximately 55 hours in his penultimate workweek and 10 hours in his final workweek for a total of 65 unpaid hours. This Court finds that Plaintiff has established that his unpaid federal minimum wage damages for those two weeks total $471.25.[4] This Court also finds that

---

[4] The federal minimum hourly rate of $7.25 multiplied by 65 hours.

Plaintiff has established that his unpaid Arizona minimum wages for his final two workweeks total $929.50.[5]

*Unpaid Regular Rate Wages for Two Workweeks*: Plaintiff has established that he worked 55 hours in his penultimate workweek and 10 hours in his final workweek for a total of 65 unpaid hours. Plaintiff was not paid any wages for these two weeks. This Court finds that Plaintiff has established that his unpaid regular rate wages for his final two weeks of employment total *$1,300.00*.[6]

*Unpaid Overtime for Entire Employment*: Plaintiff establishes that he was never paid overtime for the duration of his entire employment. He conservatively estimates that he worked 50 hours per week for such time, except in his penultimate workweek in which he worked 55 hours. Thus, this Court finds that Plaintiff establishes that he worked approximately 205 hours for which he should have been paid an overtime premium of $10.00[7] per hour. This Court finds that Plaintiff's unpaid overtime wages total $2,050.00.

ii. Statutory Damages

*FLSA*: When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to "unpaid minimum wages, [ ] unpaid overtime compensation ... and in an additional equal amount as liquidated damages." *Avila*, 2024 WL 863710, at *6 (quoting 29 U.S.C. § 216(b)). "Double damages are the norm, and single damages are the exception." *Avila*, 2024 WL 863710, at *6 (citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003)). This Court finds that Plaintiff is

---

[5] The Arizona minimum hourly rate of $14.35 multiplied by 65 hours.
[6] Sixty-five hours multiplied by Plaintiff's regular pay rate of $20.00 per hour.
[7] One-half of Plaintiff's regular rate of pay of $20.00 per hour.

entitled to the amount of $929.50 as liquidated damages under the FLSA for unpaid minimum wages. This Court also finds that Plaintiff is entitled to liquidated damages in the amount of $4,100.00 under the FLSA for his unpaid overtime.

*AMWA*: District courts in Arizona have recognized that for an employer's failure to pay minimum wages the AMWA entitles an employee to 'the balance of the wages ... including interest thereon, and an additional amount equal to twice the underpaid wages ....' " *Avila*, 2024 WL 863710, at *6 (quoting Ariz. Rev. Stat. § 23-364(G).) This Court finds that Plaintiff is entitled to the amount of $2,788.50 as liquidated damages under the AMWA.

*AWA*:  When an employer is found liable under the AWA for failure to pay wages "the employee may recover ... an amount that is treble the amount of the unpaid wages." *Avila*, 2024 WL 863710, at *6 (quoting Ariz. Rev. Stat. § 23-355(A).) This Court finds that Plaintiff is entitled to recover the amount of $3,900.00 as liquidated damages under the AWA against Defendant 13 Custom Cabinets, LLC only.

In his motion, Plaintiff states that "$3,900 is the appropriate total unpaid wages award." (Doc. 13 at 10.) Plaintiff explains that her larger trebled AWA award of $3,900.00 "engulfs" the smaller AMWA minimum wage damage award, which also "engulfs" the smaller minimum wage damage award under the FLSA. *Id*. This Court agrees that Plaintiff is not entitled to stack his unpaid minimum wage damages. *See Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333, (1980) (recognizing that "courts can and should preclude double recovery by an individual"). Thus, this Court will recommend that Plaintiff be awarded $3,900.00 as and for a total unpaid wages award.

### IV. DAMAGES SUMMARY

This Court finds that Plaintiff's damages request is provided for by statute and adequately supported by the calculations in his motion and declaration. (Doc. 13, 13-1.) Consistent with Plaintiff's calculations this Court finds that all Defendants are joint and severally liable under the FLSA and AMWA. This Court finds that only Defendant 13 Custom Cabinets, LLC is liable under the AWA. Accordingly, this Court recommends that Plaintiff's Motion be granted and judgment entered in Plaintiff's favor as follows:

This Court recommends that Plaintiff be awarded total damages in the amount of $8,000.00.[8] This Court recommends that $6,888.50[9] of the $8,000.00 award be jointly and severally against all Defendants. This Court recommends that $1,111.50 of $8,000.00 award be awarded against Defendant 13 Custom Cabinets, LLC only in accordance with Ariz. Rev. Stat. § 23-355.

Plaintiff has requested post-judgment interest and has advised the Court that he will file a motion for attorneys' fees "following any award of a default judgment." (Doc. 13 at 11.) This Court recommends that the district court also award Plaintiff post-judgment interest and allow him to seek an award of attorneys' fees in accordance with Local Rule of Civil Procedure 54.2.

### V. RECOMMENDATION

As set forth above, this Court finds that Plaintiff is entitled to entry of default

---

[8] This sum consists of $3,900.00 in trebled unpaid wages and $4,100.00 in unpaid doubled overtime damages.

[9] This sum consists of $2,788.50 in trebled unpaid minimum wage damages and $4,100.00 in unpaid doubled overtime damages.

judgment. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **4:24-cv-307**.

Dated this 10th day of January, 2025.

_Jacqueline M. Rateau_
Honorable Jacqueline M. Rateau
United States Magistrate Judge