IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Munoz,<br><br>    Plaintiff,<br><br>v.<br><br>13 Custom Cabinets LLC, et al.,<br><br>    Defendants. | No. CV-24-00307-TUC-JR<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants ("Motion"). (Doc. 17.) Due to incomplete status of election by the parties and because this matter is no longer pretrial this Court prepares a Report and Recommendation to United States Senior Judge Raner C. Collins.[1][2] As more fully set forth below, this Court recommends that the district court grant the Motion in part as explained

---

[1] General Order 21-25 provides, in relevant part, "[w]hen a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge, the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee." Gen. Ord. 21-25. Accordingly, this Court prepares this Report and Recommendation pursuant to the directive in General Order 21-25.

[2] As of this date of this Report and Recommendation the Chief United States District Judge for the District of Arizona is Jennifer G. Zipps. However, General Order 21-25 has not been superseded.

below.

## I.     BACKGROUND

On June 20, 2024, Plaintiff filed his Verified Complaint against Defendants 13 Custom Cabinets, LLC, Frank Amavizca and Maria Amavizca. (Doc. 1.) In Count One, Plaintiff sought unpaid overtime wages and an equal amount in liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a). (Doc. 1 at ¶¶ 68-75.) In Count Two, Plaintiff sought unpaid minimum wages and an equal amount in liquidated damages under the FLSA, 29 U.S.C. § 216. (Doc. 1 at ¶¶ 76-80.) In Count Three, Plaintiff sought unpaid minimum wages and an amount equal to twice the underpaid wages under the Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. § 23-363 (minimum wage), § 23-364(G) (enforcement). (Doc. 1 at ¶¶ 81-85.) In Count Four, Plaintiff sought unpaid wages due and a trebling of this amount under the Arizona Wage Act ("AWA"), Ariz. Rev. Stat. § 23-350, § 23-355 (authorizing treble damages). (Doc. 1 at ¶¶ 86-92.)

All Defendants were served on July 13, 2024. (Doc. 8-10.) Defendants failed to answer or otherwise appear. On Plaintiff's application, the Clerk of the Court entered default against all Defendants on August 19, 2024. (Doc. 12.) Plaintiff moved for entry of default judgment against all Defendants. (Doc. 13.) On January 31, 2025, Senior Judge Raner C. Collins issued an Order adopting this Court's Report and Recommendation on Plaintiff's motion for default judgment in full. (Doc. 15.) The Clerk of the Court entered its Default Judgment that same date. (Doc. 16.)

Plaintiff's Motion followed the Clerk's entry of Default Judgment. In Plaintiff's Motion, Plaintiff's counsel seeks an award of $5,963.00 for attorneys' fees expended in

this case. (Doc. 17 at 6.) This amount is based on Plaintiff's counsel expending 13.4 hours on this matter at the hourly rate of $445.00 per hour. (Doc. 17 at 5; Doc. 17-4 at 2-3.) Plaintiff also seeks an award of litigation related costs expended in the amount of $580.20. (Doc. 17 at 5; Doc. 17-4 at 3, 5.) Additionally, Plaintiff's counsel seeks an award of anticipatory fees that counsel claims may be incurred in "potential collection efforts" in the amount of $4,485.80. (Doc. 17 at 6.)

## II.  LEGAL STANDARD

As mentioned above, Plaintiff filed suit against Defendants under the FLSA and the AMWA. The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The AMWA similarly provides that "[a] prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." Ariz. Rev. Stat. § 23-364(G).

## III.  PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff obtained a Default Judgment against Defendants. (Docs. 15-16.) Plaintiff is thus the prevailing party in this action and is entitled to an award of attorneys' fees and costs.

### Fees Earned

As mentioned, Plaintiff seeks an award of $5,963.00 in attorneys' fees for the work that his counsel performed litigating this case (13.4 hours of work at an hourly rate of $445). Plaintiff also seeks an award of $580.20 for out-of-pocket costs associated with filing this action and service of process fees. (Doc. 17 at 6.) Plaintiff sets out that his

counsel's hourly rate of $445 per hour has routinely been held to be a reasonable fee in the District of Arizona. *Id*. at 5. Plaintiff also sets out that the time his counsel spent on this matter, 13.4 hours, is also reasonable. *Id*. at 6.

This Court is satisfied that the amount of hours that Plaintiff's counsel expended are reasonable. (Doc. 17-4 at 2-3 (itemization of attorney's fees).) This Court finds the same with respect to the out-of-pocket costs that have been incurred in this matter. *Id*. at 3, 5 (itemization of costs).

Anticipated Fees

As mentioned, Plaintiff also seeks an award of $4,485.80 in anticipated fees and costs that his counsel submits may be associated with collecting the Default Judgment entered against Defendants. *Id*. at 6. Plaintiff explains that Plaintiff's counsel has generally engaged the services of an outside law firm to assist with collections efforts and pays the outside law firm a $650 retainer and a 25% contingency fee on all amounts recovered. Plaintiff provided a Representation Agreement with the outside law firm in support of his counsel's request for an award of anticipated fees. (Doc. 17-8.)

This Court declines to recommend that Plaintiff be awarded his counsel's anticipated fees. This Court is persuaded by other courts in the District of Arizona that have declined to award anticipated fees on the grounds that such anticipated fees are speculative. *See, e.g., Miller v. Four Peaks Logistics LLC*, No. CV-23-01976-PHX-DWL, 2024 WL 126134, *4 (D. Ariz. 2024) (questioning whether "speculative costs not yet incurred could be permissible. . ."); *Ramos v. Probuilds LLC*, No. CV-23-01111-PHX-SMM (DMF), 2024 WL 1078078, *9 (D. Ariz. 2024) (holding that "[p]laintiff's counsel cites several cases

- 4 -

from this [d]istrict in which anticipated collection costs have been found to be reasonable, but [he] does not show that such anticipated costs are reasonable in this matter.... Although [d]efendants have not responded in this matter, an award of collection costs is speculative.... Simply, recovery of attorneys' fees and costs incurred in pursuit of collection of the Court's judgment is not ripe.") (citations omitted); *Acosta v. Pindernation Holdings LLC*, CV-23-0086-PHX-JFM, 2023 WL 3184252, *3 (D. Ariz. 2023) (holding that "[e]ven if the court had authority to make such an award, [p]laintiff proffers no support for the projection of such expenses ...."); *Stamper v. Freebird Logistics Inc.*, No. 2-CV-22-00155-PHX-MTL, 2022 WL 4448457, *4 (D. Ariz. 2022) (holding that "[w]hile [d]efendant has not responded to the present litigation, an award for collection efforts is too speculative. Other than stating [that p]laintiff 'will likely' have fees and costs associated with the collection efforts, [p]laintiff did not explain any efforts he plans to take.... Although the [c]ourt finds that the speculative collection costs are unreasonable, this [o]rder does not preclude [p]laintiff from seeking collection costs and, for that matter, future attorneys' fees, should they be incurred.").

Here, Plaintiff's Motion states that the anticipated fees may be incurred in "potential collection efforts." (Doc. 17 at 6.) Plaintiff's request for anticipated fees in any collection effort is also estimated at the high end of the amount of fees that could be incurred. *Id.* at 16. For example, Plaintiff's Motion lays out that Plaintiff's counsel will be required to pay, *inter alia*, 25% of any recovery. *Id.* In calculating the sum of his request for an award of anticipated attorneys' fees, Plaintiff's counsel estimates a full recovery. *Id.* This Court finds that a full recovery is speculative.

For the foregoing reasons, this Court declines to recommend that the district court award Plaintiff's counsel anticipated attorneys' fees incurred in any future "potential collection efforts."

## IV.     RECOMMENDATION

As set forth above, this Court finds that Plaintiff is entitled to an award of attorneys' fees in the amount of **$5,963.00** and out of pocket costs in the amount of **$580.20**.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants be **GRANTED IN PART**. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **4:24-cv-00307**.

Dated this 28th day of February, 2025.

Honorable Jacqueline M. Rateau
United States Magistrate Judge